UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

CORA GOUDY,

    Plaintiff,

v.                                      CASE NO.:

VANDERBILT MORTGAGE AND
FINANCE, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Cora Goudy, by and through the undersigned counsel, and sues Defendant, VANDERBILT MORTGAGE AND FINANCE, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

1

telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Covington County, Mississippi.

8. Defendant is a corporation which was formed in Tennessee with its principal place of business located at 500 Alcoa Trail, P.O. BOX 4098, Maryville, Tennessee 37804. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in which Defendant resides.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in the city of Collins, Covington County.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a corporation which was formed in Tennessee with its principal place of business located at 500 Alcoa Trail, P.O. BOX 4098, Maryville, Tennessee 37804 and which conducts business in the state of Mississippi.

12. Defendant called Plaintiff approximately nine hundred (900) times in an attempt to collect on a consumer loan.

13. Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the

vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

14. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

15. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) *** -1347, and was the called party and recipient of Defendant's calls.

16. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (601) *** -1347 in an attempt to collect on a consumer loan.

17. Upon receipt of the calls from Defendant, Plaintiff identified the telephone number on his caller ID as a Vanderbilt Mortgage and Finance, Inc. number. Plaintiff was familiar with this number due to the high number of telephone calls she received from Defendant.

18. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

19. On or about January 2016, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent to cease calling her.

20. Each subsequent call Defendant made to Plaintiffs aforementioned cellular telephone number was knowing and willful and done so without the "express consent" of Plaintiff.

21. In or about May 2017, Plaintiff answered another call from Defendant to her aforementioned cellular telephone number. Plaintiff spoke to an agent/representative

4

of Defendant and explained to them that she was ill and that they needed to stop calling and harassing her cellular telephone number.

22. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on her cellular telephone, Defendant continues to place automated calls to Plaintiff.

23. Plaintiffs numerous conversations with Defendant agents/representatives over the telephone wherein she demanded a cessation of calls were in vain as Defendant continues to bombard her with automated calls unabated.

24. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, which such frequency as can reasonably be expected to harass.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

29. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

30. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

31. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

36. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular

telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

37. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

40. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

7

41. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

42. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I

### (Violation of the TCPA)

43. Plaintiff fully incorporates and realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

45. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Tennessee Bar #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th FloorFra
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jdistasio@forthepeople.com
jsherwood@forthepeople.com
lcrouch@forthepeople.com
Counsel for Plaintiff

9

Case 3:19-cv-00068-HSM-HBG Document 1 Filed 02/27/19 Page 9 of 9 PageID #: 9